1 PHILLIP A. TALBERT
Acting United States Attorney
2 JESSICA A. MASSEY
ANGELA L. SCOTT
3 Assistant United States Attorney
2500 Tulare Street, Suite 4401
4 Fresno, CA 93721
Telephone:  (559) 497-4000
5 Facsimile:   (559) 497-4099

6
Attorneys for Plaintiff
7 United States of America

8

9                          IN THE UNITED STATES DISTRICT COURT

10                         EASTERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,                    CASE NO.  1:20-CR-00214-DAD-BAM
12
                        Plaintiff,           STIPULATION REGARDING EXCLUDABLE
13                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
                   v.                        FINDINGS AND ORDER
14
JOSE EDEN LANDEROS, and                      CURRENT DATE: November 10, 2021
15 ISRAEL MUNGUIA-MUNOZ,                     TIME: 1:00 p.m.
                                             COURT: Hon. Barbara A. McAuliffe
16                     Defendants.

17

18        This case is set for status conference on November 10, 2021.  On May 13, 2020, this Court

19 issued General Order 618, which suspended all jury trials in the Eastern District of California until

20 further notice, and allows district judges to continue all criminal matters.  Under General Order 618, a

21 judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act

22 with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional

23 findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13,

24 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions

25 "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the

26 Clerk of the Court to the extent such an order will impact court staff and operations."  General Order

27 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and other General Orders were entered to address public health

28 concerns related to COVID-19 (for example, General Order 614—recently extended by General Order

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1   635).

2        Although the General Orders address the district-wide health concern, the Supreme Court has

3   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

4   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

5   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

6   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

7   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

8   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

9   or in writing").

10       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

11  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

12  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

13  the ends of justice served by taking such action outweigh the best interest of the public and the

14  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

15  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

16  ends of justice served by the granting of such continuance outweigh the best interests of the public and

17  the defendant in a speedy trial."  *Id.*

18       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

19  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

20  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

21  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

22  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

23  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

24  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

25  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

26  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

27       In light of the societal context created by the foregoing, this Court should consider the following

28  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

2    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3    pretrial continuance must be "specifically limited in time").

## STIPULATION

5         Plaintiff United States of America, by and through its counsel of record, and defendant JOSE

6    EDEN LANDEROS, by and through defendant's counsel of record, Hristo Bijev, defendant ISRAEL

7    MUNGUIA-MUNOZ, by and through defendant's counsel of record, David Torres, seek a continuance

8    of the current status conference to March 23, 2022, and hereby stipulate as follows:

9         1.    By previous order, this matter was set for status on November 10, 2021.

10        2.    By this stipulation, defendants now move to continue the status conference until March

11   23, 2022, and to exclude time between November 10, 2021, and March 23, 2022, under Local Codes T2

12   and T4.

13        3.    The parties agree and stipulate, and request that the Court find the following:

14             a)    The government has represented that the discovery associated with this case

15        includes over 15,000 pages of Bates stamped discovery and several months of wiretap

16        recordings.  All of this discovery has been either produced directly to counsel and/or made

17        available for inspection and copying.

18             b)    Counsel for defendants desire additional time to consult with their clients, to

19        review the current charges, to conduct investigation and research related to the charges, to review

20        and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare

21        pretrial motions, and to otherwise prepare for trial.

22             c)    Counsel for defendants believe that failure to grant the above-requested

23        continuance would deny them the reasonable time necessary for effective preparation, taking into

24        account the exercise of due diligence.

25             d)    The government does not object to the continuance.

26             e)    Additionally, given the voluminous discovery and the fact that this case involved

27

28   [1] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
Cal. March 18, 2020).

1    a wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for

2    pretrial proceedings or for the trial itself prior to March 23, 2022.

3         f)    Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6         g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

7    et seq., within which trial must commence, the time period of November 10, 2021 to March 23,

8    2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

9    T4] and 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], because it results from a continuance

10    granted by the Court at defendant's request on the basis of the Court's finding that the ends of

11    justice served by taking such action outweigh the best interest of the public and the defendant in

12    a speedy trial.

13    4.    Counsel for LANDEROS and the government agree that for purposes of computing time

14    under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time

15    period of November 10, 2021 to March 23, 2022, inclusive, is deemed excludable pursuant to 18

16    U.S.C.§ 3161(h)(3) because his whereabouts are unknown and his whereabouts cannot be determined by

17    due diligence.  On June 1, 2021, defendant LANDEROS was ordered released on conditions.  Dkt. 73.

18    On June 15, 2021, Pretrial Services filed a petition alleging that defendant violated his pretrial release

19    conditions; namely, the conditions that "You must report to and comply with the rules and regulations of

20    the Pretrial Services Agency. You must reside at a location approved by Pretrial Services, and you must

21    not move or absent yourself from this residence for more than 24 hours without approval of Pretrial

22    Services." Dkt. 75.  The petition alleges that defendant LANDEROS's Pretrial Services Officer has

23    been unable to reach him since his release from custody.  The petition also states that Pretrial Services

24    has attempted to determine defendant LANDEROS's whereabouts by contacting his wife and other

25    family members, but those individuals are also unaware of his whereabouts.  Defendant LANDEROS's

26    counsel also has not had contact with his client since shortly after he was released from custody.  The

27    parties agree and ask the Court to find that defendant be considered unavailable because his whereabouts

28    are unknown and his whereabouts cannot be determined by due diligence.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1    5.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4        IT IS SO STIPULATED.

5

6

7   Dated:  November 3, 2021                      PHILLIP A. TALBERT
                                                  Acting United States Attorney

8
                                                  /s/ JESSICA A. MASSEY
9                                                 JESSICA A. MASSEY
                                                  Assistant United States Attorney
10

11
    Dated:  November 3, 2021                      /s/ per email authorization
12                                                HRISTO BIJEV
                                                  Counsel for Defendant
13                                                JOSE EDEN LANDEROS

14

15

16   Dated:  November 3, 2021                      /s/ per email authorization
                                                   DAVID TORRES
17                                                 Counsel for Defendant
                                                    ISRAEL MUNGUIA-MUNOZ
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

IT IS SO ORDERED that the status conference is continued from November 10, 2021, to **March 23, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   __**November 4, 2021**__          _____/s/ Barbara A. McAuliffe_____
                                                          UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

6